2006 BNH 047
_____

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW HAMPSHIRE

In re:                                                                          Bk. No. 03-11963-MWV
                                                                                Chapter 11
Christine R. Mullen,
        Debtor

Earl L. Kalil, Jr.,
        Plaintiff

v.                                                                              Adv. No. 06-1172-MWV

Christine R. Mullen,
Raynes Realty, Inc.,
and K&W Fitness, Inc.,
        Defendants


*Daniel W. Sklar, Esq.*
*NIXON PEABODY LLP*
*and*
*William C. Saturley, Esq.*
*NELSON, KINDER, MOSSEAU & SATURLEY, P.C.*
*Attorneys for Plaintiff*

*Steven M. Latici, Esq.*
*MCKEAN, MATTSON & LATICI, P.A.*
*and*
*Terrie Harman, Esq.*
*Attorneys for Defendants*


## MEMORANDUM OPINION

      Before the Court is Earl L. Kalil, Jr.'s ("Kalil"), complaint requesting, in part, that the Court preliminarily enjoin Christine R. Mullen ("Mullen"), Raynes Realty, Inc. ("Raynes Realty"), and K&W Fitness, Inc. ("K&W Fitness") (collectively, the "Defendants"), from continuing to pursue a state court fraudulent transfer action. Also before the Court is the Defendants' motion to dismiss Kalil's complaint.

## JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## BACKGROUND

Mullen and Kalil are ex-spouses.  After their divorce, Mullen endeavored to construct and operate a gym, in the furtherance of which she set up two corporations, K&W Fitness and Raynes Realty.  Raynes Realty held the long-term lease of the property, and K&W Fitness operated the gym business.  Mullen is the sole shareholder of Raynes Realty and the 98% shareholder of K&W Fitness.  After construction of the gym building and the start of operations, the business failed to prosper.  Throughout these years, Kalil was involved in the business; he guaranteed some of Mullen's debt, and he eventually became the owner of the leasehold and the gym business.[1]  Kalil also acted as Mullen's attorney from time to time.

Mullen filed a Chapter 7 petition on June 2, 2003.  Mullen received a discharge and her case was closed on January 13, 2004, reopened on April 12, 2005, and converted to Chapter 11 on April 27, 2005.  Upon reopening, Mullen filed two adversary proceedings against Kalil, one of which alleged that the transfers to Kalil of the leasehold and the gym business were avoidable under the Bankruptcy Code as fraudulent transfers and/or preferences.  Mullen was the only plaintiff in that adversary proceeding.  On February 1, 2006, the Court granted summary judgment in favor of Kalil, determining that Mullen's claims were time-barred under section 546 because neither she nor the Chapter 7 trustee pursued those

---

[1] For a more detailed discussion of the financial dealings between the Defendants and Kalil, see Mullen v. Kalil (In re Mullen), 337 B.R. 744 (Bankr. D.N.H. 2006).

claims prior to Mullen's bankruptcy case being closed.[2] Mullen v. Kalil (In re Mullen), 337 B.R. 744 (Bankr. D.N.H. 2006) (granting summary judgment in adversary proceeding 05-1095-MWV).

Mullen, again as the sole plaintiff, then filed suit in state court seeking to void the allegedly fraudulent transfers of the lease and the gym business pursuant to N.H. R.S.A. 545-A:5. Kalil filed the instant adversary proceeding seeking to preliminarily and permanently enjoin not only Mullen, but also Raynes Realty and K&W Fitness from pursuing the state court action because the state court complaint alleges substantially identical causes of action that were disposed of by this Court's February 1, 2006, order. This Court held a hearing on the preliminary injunction on July 26, 2006, by which time Mullen had filed a voluntary nonsuit in the state court action, and Raynes had been added as the sole plaintiff in state court.[3] K&W Fitness was not, and apparently is not, a plaintiff in the state court action, though Kalil nonetheless seeks to enjoin K&W Fitness because he anticipates K&W Fitness becoming a party to that action. At the end of the hearing, the Court took the matter under advisement. On August 9, 2006, Kalil filed an assented-to second amended complaint in this adversary proceeding that added K&W Fitness and Raynes Realty as defendants, in addition to Mullen. The Defendants filed a motion to dismiss the complaint, and a hearing on the motion to dismiss was held on September 28, 2006. The Court took the motion to dismiss under advisement after hearing oral arguments.

## DISCUSSION

In her motion to dismiss, Mullen asserts that the complaint should be dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a claim. See FED. R. CIV. P. 12(b)(1), (2), (3) and (6). As Kalil points out in his objection to the motion to dismiss, Mullen failed, in violation of Local Bankruptcy Rule 7102(b)(3), to accompany her motion with a

---

[2] All statutory section references herein are to the Bankruptcy Code, as amended prior to April 20, 2005, 11 U.S.C. § 101 to 1330.

[3] The Plaintiff represented to the Court at a September 28, 2006, hearing that the nonsuit would be with prejudice.

memorandum citing authorities in support of her position or an explanation of why such a memorandum is unnecessary. Kalil also rebutted each of Mullen's asserted grounds for dismissal. Mullen eventually submitted a memorandum of law on the eve of the September 28 hearing (more than a month after filing the motion to dismiss), but the memorandum addresses few of the issues raised in her motion to dismiss, in Kalil's objection, or at the hearing.

In ruling on a motion to dismiss under Rule 12(b)(6), which is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b), the Court "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998); see also Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 36 (1st Cir. 2001); TAG/ICIB Servs., Inc. v. Pan Am. Grain Co., 215 F.3d 172, 175 (1st Cir. 2000).

This Court has "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or *related to* cases under title 11." 28 U.S.C. § 1334(b) (emphasis added).

> Related proceedings do not arise under the Bankruptcy Act; they must, however, "potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate." In re Smith, 866 F.2d 576, 580 (3d Cir. 1989); 28 U.S.C. § 157(c). "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Pacor v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984) (citations omitted).

In re G.S.F. Corp., 938 F.2d 1467, 1475 (1st Cir. 1991). Mullen is the sole shareholder of Raynes Realty and the 98% shareholder of K&W Fitness, and Mullen's bankruptcy plan is to be partly funded by monies recovered in the state court action. The outcomes of this adversary proceeding and the state court action are likely to effect, beneficially or adversely, Mullen's bankruptcy estate. The Court therefore has subject matter jurisdiction over the instant adversary proceeding.

As for whether this Court has personal jurisdiction over Raynes Realty and/or K&W Fitness, the Court is authorized under section 105(a) to enjoin nondebtors under certain circumstances.  One such circumstance is when the third-party action will have an effect on or "threaten the integrity of the bankrupt's estate."  In re G.S.F. Corp., 938 F.2d at 1474 (quoting Matter of Energy Co-op., Inc., 886 F.2d 921, 929 (7th Cir. 1989)).  A second situation in which a bankruptcy court may use its equitable power to enjoin a third-party action is to protect its prior judgments or orders.  In re G.S.F. Corp., 938 F.2d at 1475.  Kalil argues that the state court action is an attempt to frustrate the claims of bankruptcy creditors and to evade this Court's February 1, 2006, order granting summary judgment in favor of Kalil and holding that Mullen could not pursue avoidance of the transfers under sections 544, 547 and 548 of the Bankruptcy Code.  See Mullen v. Kalil (In re Mullen), 337 B.R. at 747 (describing the counts alleged by Mullen).  Without discussing the merits of Kalil's arguments, the Court concludes that it does have, pursuant to section 105(a), the authority to enjoin Raynes Realty and K&W Fitness if such an injunction is appropriate.  As for venue, the Debtor has made no argument in support of her assertion that venue is improper.  For the above reasons, Mullen's motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue is denied.

Finally, Mullen argues that Kalil's failure to object to Mullen's now-confirmed Chapter 11 plan's authorization of the state court action results in there being no facts upon which Kalil could prevail and therefore Kalil's complaint should be dismissed for failure to state a claim.  Kalil, though, argues that Raynes Realty and K&W Fitness are alter egos of Mullen and that the merits of the state court action have already been disposed of by this Court's February 1, 2006, order.  Such matters are deserving of further consideration.  As for the complaint, Kalil has alleged sufficient facts to avoid dismissal.

## CONCLUSION

Mullen's motion to dismiss is denied, and the Court abstains from determining whether a preliminary injunction should issue at this time.  A pretrial hearing shall be held on **January 31, 2007, at**

- 5 -

**9:00 a.m.** in Bankruptcy Courtroom 1, 11th Floor, 1000 Elm Street, Manchester, New Hampshire.  The Court will also reconsider the preliminary injunction matter at that hearing.  This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue a separate order consistent with this opinion.

    DATED this 29th day of November, 2006, at Manchester, New Hampshire.

                                      /s/ Mark W. Vaughn
                                      Mark W. Vaughn
                                      Chief Judge